IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD ROCKWELL,

      Plaintiff,                    No. CIV S-04-2109 GEB DAD P

  vs.

JOHN DOE, et al.,

      Defendants.                ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $150.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $10.82 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Plaintiff alleges that in the year 2000 he was sent to Duel Vocational Institution and that his requests for placement in protective custody housing, due to his offense of conviction, were ignored. Plaintiff alleges that he was placed in general population and, four hours later, he was assaulted by seven inmates. Plaintiff also alleges that while he was in the infirmary, he requested that he be examined for internal bleeding because he was on medication to prevent blood clots. He alleges that his request was refused. Plaintiff has named only Doe defendants who are identified merely as correctional officers at Duel Vocational Institution.

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980). However, in some situations, where the identity of the alleged defendants will not be known prior to the filing of the

2

complaint, a plaintiff may be allowed an opportunity through discovery to identify the unknown defendants. See id; Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (holding that district court erred in dismissing the complaint against Doe simply because plaintiff was unaware of Doe's identity at the time the complaint was filed).  Therefore, the court will grant plaintiff additional time to file an amended complaint in which he identifies the Doe defendants by name.  Plaintiff is informed that the court cannot order service of a complaint in which there are no defendants actually named.

Plaintiff is also advised that in his amended complaint, he should provide further allegations to support his failure to protect and medical care claims.  A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the cruel and unusual punishment clause of the Eighth Amendment.  Farmer v. Brennan, 511 U.S. 825, 828-29 (1994); Helling v. McKinney, 509 U.S. 25, 31-32 (1993); Wilson v. Seiter, 501 U.S. 294, 302 (1991); Estelle v. Gamble, 429 U.S. 97, 104 (1976).  "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety."  Farmer, 511 U.S. at 834.  There are an objective and a subjective requirement which must be met for an Eighth Amendment claim.  First, for the objective requirement, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."  Id.  Second, the prison official must have a sufficiently culpable state of mind.  See id.  Here the state of mind is one of deliberate indifference.  See id.  A prison official who knows of and disregards an excessive risk to the inmate's health or safety demonstrates deliberate indifference.  See id. at 837.  Thus, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference."  Id.  However, an official that knows of a substantial risk to an inmate's health or safety but acts reasonably under the circumstances will not be held liable under the cruel and unusual punishment clause, even if the threatened harm results.  See id. at 843.  Therefore, in his amended complaint plaintiff must allege facts demonstrating that he faced a

substantial risk of serious harm, that the officials knew of and disregarded the risk of harm to plaintiff and that the actions of the officials were not reasonable.  Plaintiff should also explain what circumstances existed, not including plaintiff's custody offense, which alerted prison officials that plaintiff faced a substantial risk of serious harm.

As for plaintiff's medical care claim, plaintiff must again satisfy the two part test for an Eighth Amendment claim.  Plaintiff must demonstrate that his medical needs were serious. A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Next, plaintiff must show that prison officials responded to the serious medical need with deliberate indifference.  Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  Farmer, 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319). Mere differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim.  See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1334 (9th Cir. 1981).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

...

...

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action. Plaintiff is assessed an initial partial filing fee of $10.48. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted forty-five days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided by the court and attachments must not exceed a total of ten pages; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a section 1983 action.

DATED: August 18, 2005.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
rock2109.14